IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:25-cv-01192 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| SECRET SERVICE, | ) MAGISTRATE JUDGE |
| | ) NEWBERN |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against the Secret Service, alleging that it has not paid her for work she was hired to do. (Doc. No. 1).

**I. FILING FEE**

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

1

According to Plaintiff's IFP Application, her monthly income totals $967 from Supplemental Social Security payments, she has no cash, she has no money in bank accounts, and her monthly expenses total $875. (*Id.*) Plaintiff recently acquired housing after having been unhoused for some time. Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

The complaint alleges that Plaintiff has been an employee of the Secret Service since 2017 and has not been paid for her work since 2021 or 2022. The complaint further alleges that "the old secretary Blond[e] haired female" stole Plaintiff's employment number when Plaintiff went out of the country and that is why Plaintiff has not been getting paid. (Doc. No. 1 at 3). Plaintiff demands back pay and the return of her Secret Service employment number.

### IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint cannot survive screening under Section 1915(e)(2). Plaintiff's claims are barred by res judicata.

3

Res judicata or "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020). *See Brownback v. King*, 592 U.S. 209, 215 n.3 (2021) (parties may not "relitigat[e] the same 'claim' or 'cause of action,' even if certain issues were not litigated in the prior action.").

On September 19, 2024, Plaintiff filed an action in this Court against the Secret Service, raising the same allegations as those she raises in the instant case. *See Maney v. Secret Service*, Case No. 3:24-cv-1131 (M.D. Tenn.) (Trauger, J.) (case dismissed on 4/30/2025). The Court dismissed that case because the Secret Service is an agency of the United States; the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction; a waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied; and even liberally construing the complaint, there was not a sufficient indication that the United States waived its sovereign immunity for the claims asserted by Plaintiff against the Secret Service. *Id.* (Doc. No. 6 at 3-4). Moreover, Plaintiff's claims were subject to dismissal as frivolous or delusional. (*Id.*) (Doc. No. 6 at 4).

The claims Plaintiff raises in the instant lawsuit were raised and rejected in her previous lawsuit. Plaintiff is not entitled to another bite at the apple.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE